## W. W. LYLES v. S. E. COX, Adm'r. of N. Jordan.

PLEADINGS AND PRACTICE. *Petition for certiorari. What must be stated.* A petition for *certiorari* and *supersedeas* to quash an execution must state all the defenses relied on. The plea of the statute of limitations cannot be relied on if not set forth in the petition.

FROM DAVIDSON.

Appeal in error from the Circuit Court of Davidson. county.   F. T. REID, J.

W. G. BRIEN for Lyles.

ALLEN & COVINGTON for Cox.

DEADERICK, C. J., delivered the opinion of the court.

On a former day of this term the judgment in this. case was affirmed. A petition to rehear was presented, and although the time within which such petition should

have been presented had elapsed before it was offered, we have looked into the record and find no reason to change our former judgment.

It appears that a judgment was rendered by a justice of the peace in 1860, in favor of Jordan against one Gregory. The justices' docket shows this judgment was stayed by plaintiff in error, Lyles. Several executions appear by the justices' docket to have been issued. The last one and only one which is transcribed in the record, was issued in 1878, and was levied on Lyles' property. Thereupon he filed his petition denying that he had ever stayed the judgment, and obtained writs of *certiorari* and *supersedeas*. While the cause was pending in the circuit court, the following entry was made by consent: It is insisted by plaintiff that defendant W. W. Lyles stayed said judgment, which is denied by said Lyles, and it appearing to the court that said N. Jordan had since died, and that his assignee has issued execution on said judgment without reviving the cause in the name of the administrator of said N. Jordan, which is assigned in Lyles' petition as one cause for quashing said execution, by consent of parties it is ordered that this cause may now stand in this court for trial, as if the *judgment* had been revived in the name of the administrator of N. Jordan, prior to the issuance of the execution, and it is further agreed that, when the name of the administrator is ascertained, this cause may stand revived in his name, and the cause stand for trial as if the judgment had been properly revived before the ssuance of the execution.

It will be observed that this consent order provides not only for the revivor of the judgment, but of the suit also. Accordingly, at next term the name of the administrator haviug been furnished the cause was revived in his name.

The only execution brought up and sought to be quashed was that issued in 1878, and the distinct ground made by the petition and by the proof is, that Lyles did not become stayor of the judgment. The defense of the statute of limitations is not set up or relied upon in the petition. And for this reason, as well as because it is agreed that the judgment shall stand, as if revived before the issuance of the execution, the plaintiff in error cannot, in this court, avail himself of the plea of the statute of limitations. He is restricted in his defenses to those specified in his petition. Other objections which might exist are considered as waived or abandoned: 3 Head, 346 ; 2 Heis., 20.

The jury found the issues made in favor of plaintiff, and there was sufficient evidence to sustain their verdict.

The petition to rehear must be dismissed, and judgment entered for plaintlff as heretofore directed.